UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-00779-DOC-SHK                                   Date: May 28, 2025

Title: Teshaun Deberry v. Mercedes-Benz USA, LLC et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 15) brought by Plaintiff Teshaun Deberry. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Riverside.

**I.     Facts**

The following facts are taken from Plaintiff's First Amended Complaint ("FAC") (Dkt. 1-2). Plaintiff alleges five causes of action against Mercedes-Benz USA, LLC ("Defendant"), Walter's Mercedes-Benz of Riverside, and Does 1 through 50. FAC at 1. On March 22, 2024, Plaintiff purchased a pre-owned 2023 Mercedes Benz GLA 45 AMG (Subject Vehicle) from an auto dealership in Cerritos, California. *Id.* ¶ 13. Plaintiff agreed to a total contract price for the vehicle of $65,733.52. *Id.* At the time of purchase, the Subject Vehicle had 17,850 miles and came with the remaining time and mileage of Defendant's warranties on the Subject Vehicle. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-00779-DOC-SHK | Date: May 28, 2025 |

Page 2

Plaintiff alleges that the Subject Vehicle was delivered to him with serious defects and nonconformities to warranty. *Id.* ¶ 14. Plaintiff further alleges that the Subject Vehicle developed other serious defects and nonconformities, including a ticking noise coming from right front side of dashboard, speakers intermittently cutting in and out, check coolant level message illuminations, a popping sound coming from the speakers when there is no audio, check engine warning light intermittently turning on and off, and the Subject Vehicle shaking when coming to a stop. *Id.*

Plaintiff further claims that he brought the Subject Vehicle several times to Defendant's authorized repair facilities, including Walter's Mercedes-Benz of Riverside, for repair of the alleged defects during the warranty period. *Id.* ¶ 15. Plaintiff claims that Defendants were unable to adequately repair the Subject Vehicle after a reasonable number of repair attempts, replace the motor vehicle, or make proper restitution. *Id.* ¶ 36-37.

Plaintiff brings claims for 1) Violation of Song-Beverly Act – Breach of Express Warranty; 2) Violation of the Song-Beverly Act – Breach of Implied Warranty; 3) Violation of the Song-Beverly Act (Cal. Civ. Code § 1793(2)(b)); 4) Violation of Magnuson-Moss Warranty Act; 5) Violation of Cal. Civ. Code § 1796(5).

## II.     Procedural History

Plaintiff filed the initial Complaint ("Compl.") in the Superior Court of California, County of Riverside on December 30, 2024, alleging four causes of action arising under state law (Dkt. 1-2). On January 6 and 8, 2025, Plaintiff served the defendants with Summons on the initial Complaint. Riverside County Superior Court Docket Document Download Records, Case No. CVRI2407082 (Cal. Sup. Ct. Dec. 30, 2024) (hereinafter State Docket). Plaintiff then filed the FAC on February 4, 2025, alleging an additional cause of action arising under federal law for Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301). *See generally* FAC (Dkt. 1-2).

Defendant first appeared in the action in state court on February 6, 2025, when filing its Answer on the FAC. *See* State Docket. On March 26, 2025, Defendant filed a Notice of Removal ("Not.") from the Riverside County Superior Court to this Court. ("Not.") (Dkt. 1). Plaintiff filed the present Motion to Remand this case to state court on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00779-DOC-SHK	Date: May 28, 2025

Page 3

April 25, 2025 ("Mot.") (Dkt. 15). Defendant filed its Opposition to the Motion ("Opp.") on May 12, 2025 (Dkt. 18). Plaintiff filed its Reply in Support of the Motion ("Reply") on May 19, 2025 (Dkt. 19).

### III. Legal Standard
#### A. Timeliness of Removal

The procedure for removal to federal court is set out in 28 U.S.C. § 1446. The statute provides for two thirty-day periods during which a defendant may remove to federal court: 1) the thirty-day period after a defendant receives an initial pleading under § 1446(b)(1); or 2) the thirty day period after which the defendant receives "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable" under § 1446(b)(3). 28 U.S.C. § 1446; *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) (holding that where an initial pleading does not make clear on its face the facts supporting removal, the second thirty-day period in § 1446(b) has not yet begun to run); *see generally Mayes v. Am. Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1079 (9th Cir. 2024) (holding that a defendant may remove outside of either statutory thirty-day period in certain instances, such as before any kind of formal service has occurred).

The "other paper" that may trigger the second thirty-day period for removal need not itself be a validly served pleading or formal communication attended by formal service of process. *See Harris*, 425 F.3d 689, 691. In *Harris*, the defendant removed to federal court under 28 U.S.C. § 1332 after being placed on notice that the plaintiff had effectively abandoned its claims against a non-diverse co-defendant by a letter from the plaintiff. *Harris*, 425 F.3d 689, at 691–92. The Ninth Circuit in that case adopted the "four corners of the initial pleading or subsequent paper" approach in deciding that removal was timely. *Id.* at 695 (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)). Only when the applicable pleading affirmatively reveals the ground for removal does a thirty-day period under either §1446(b)(1) or §1446(b)(3) begin, not when a defendant may have a "clue" as to removability. *See id.* at 694–96 (rejecting that there is a duty to investigate or "burden [to] scrutinize[e]" when a defendant has a "clue" as to removability (alterations in original)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-00779-DOC-SHK | Date: May 28, 2025 |

Page 4

The plain language of the removal statute suggests that the thirty-day period for removal begins when a defendant has received a copy of a paper clearly establishing the basis for removal, whether it was received through formal "service or otherwise." However, the Supreme Court has narrowly construed this provision to require some valid service of process in the action in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999). In *Murphy*, the defendant received a copy of the complaint before it was formally served, and the issue was whether the thirty-day period had begun on receipt of the complaint or on formal service of process for the complaint. *Id.* at 348–49. The Court concluded that under § 1446(b)(1), there are four possibilities for when the thirty-day time limit may begin.

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Murphy*, 526 U.S. at 354.

Under this statute, a "named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347–48. Requiring a defendant to respond to a complaint before valid service of process would conflict with the provision's purpose and the historic role of formal service in our system of justice. *Id.* at 350–53.

Whether and when formal service is completed is determined according to state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993). Failure to remove a case during the applicable thirty-day period makes the removal procedurally defective.

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n.1 (9th Cir. 1988); *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008). The thirty-day period is "imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal, and the defendant always bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990) and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B. Subject Matter Jurisdiction

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citations omitted).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

> Courts may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand. *See* § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [§] 1446(a)."; *Kelton*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00779-DOC-SHK							Date: May 28, 2025

Page 6

346 F.3d at 1193 (holding that 'the district court cannot remand *sua sponte* for defects in removal procedure").

*Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (citing in short form *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193).

Federal district courts have federal question jurisdiction when a case "arises under" federal law, and a case "arises under" federal law where federal law creates the cause of action. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002).

## IV.   Discussion

Plaintiff argues that the case should be remanded to state court because Defendant's Notice of Removal was not timely, and because the minimum amount in controversy of $50,000 for a Magnuson-Moss Warranty Act claim is not met. Defendant argues that the Motion should be denied because removal was timely and the minimum amount in controversy is met.

### A.   Defendant's Notice of Removal Was Not Timely

Plaintiff filed the FAC containing the Magnuson-Moss Warranty Act claim in state court on February 4, 2025. If the thirty-day removal period started on this date, Defendant had until March 6, 2025 to file a Notice of Removal. Defendant states valid service of the FAC occurred on February 24, 2025 and argues the thirty-day removal period began on this date. If the Defendant is correct, then the Defendant had until March 26, 2025 to file a Notice of Removal. The critical inquiry is which, if any, of these dates controls.

The Ninth Circuit has not directly addressed this question. Courts, however, have adopted one of four views on when the thirty-day period starts in cases where the document that first gives the defendant notice of removability is an amended complaint, rather than an "other paper" such as the letter in *Harris*. The majority view, followed by this Court in *Lucente S.P.A. v. Apik Jewelry, Inc*, holds that the removal clock starts when the state court grants the plaintiff's motion to amend to state a federal claim. No. CV-07-04005, 2007 WL 7209938 at *4 (C.D. Cal. Oct. 3, 2007) (citing *Sullivan v. Conway*, 157 F.3d 1092, 1094

Case 5:25-cv-00779-DOC-SHK   Document 20   Filed 05/28/25   Page 7 of 9   Page ID #:273

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00779-DOC-SHKDate: May 28, 2025

Page 7

(7th Cir. 1998); *Disher v. Citigroup Glob. Mkts., Inc.*, 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007); *Torres v. Chevron U.S.A., Inc.*, No. C 04-2523 SBA, 2004 WL 2348274 at *4 (N.D. Cal. Oct. 18, 2024); Brian S. Platt, *Section 1446(b) Federal Removal Jurisdiction and the Thirty Day Clock: Should a Motion to Amend Trigger the Time Bomb*, 4 Nev. L.J. 120, 121 (2003); *Douklias v. Tchr.'s Ins. and Annuity Ass'n*, 35 F. Supp. 2d 612, 615 (W.D. Term. 1999); *Hibbst v. Consolidation Coal Co.*, 842 F. Supp. 215, 217 (N.D. W.Va. 1994); *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 259 (D. Del. 1988)); *see also Culberson v. Walt Disney Parks and Resorts*, No. 2:15-cv-05177-SVW-PLA, 2015 WL 5796997 at *4 (C.D. Cal. Sept. 30, 2015) (following the "majority rule" identified in *Lucente*); *Jensen v. State Farm Fire and Cas. Co.*, No. 3:22-cv-486-JR, 2022 WL 17658223 at *3–4 (D. Or. Aug. 1, 2022) (following the "view that is 'generally followed' by the courts in the Ninth Circuit"); *Santiago v. Tri City Med. Ctr.*, No. 10cv1194, 2010 WL 4316959 at *1–2 (S.D. Cal. Oct. 25, 2010) (rejecting a minority approach requiring filing of the amended complaint due to the circumstances of the case, and following the majority rule); *Universal Semiconductor, Inc. v. Vo*, No. 5:16-cv-04778-EJD, 2017 WL 2717 at *2 (N.D. Cal. Feb. 9, 2017) (also adopting the majority rule as a "rational and fair application of the removal statute").

Three minority approaches are briefly stated. Some courts have held that the thirty-day period starts on service of a motion to amend or stipulation permitting amendment of the initial pleading. *See Webster v. Sunnyside Corp.*, 836 F. Supp. 629, 631 (S.D. Iowa 1993); *Harriman v. Liberian Maritime Corp.*, 204 F. Supp. 205, 206–07 (D. Mass. 1962). The third approach holds that the thirty-day period is triggered by filing of the amended complaint. *See Bezy v. Floyd Cnty. Plan Cmm'n*, 199 F.R.D. 308, 313 (S.D. Ind. 2001). The fourth approach holds that both filing and service of the amended complaint are required. *See Miller v. Stauffer Chemical Co.*, 527 F. Supp. 775, 777 (D. Kan. 1981).

The first paragraph of § 1446(b) does not control the instant case because it concerns removal following receipt of an initial pleading. The question then is whether the second thirty-day period for removal under § 1446(b)(3) began on Defendant's receipt of the FAC, or valid service of the FAC, or some other date. The Court holds that the period for removal began on February 4, 2025, on receipt of the FAC, and ended on March 6, 2025.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00779-DOC-SHK                                          Date: May 28, 2025

                                                                                                    Page 8

Plaintiff is correct that in *Harris*, the subsequent paper that triggered the thirty-day removal period under § 1446(b)(3) was a letter, not a formal complaint or other document served with process. Plaintiff argues that Defendant's removal was not timely because Defendant had received the FAC by electronic mail on February 4, 2025, regardless of the validity of service for that communication. However, the Supreme Court has said in *Murphy* that to require a defendant to respond before some form of valid service would be contrary to the removal statute's purpose and the historic role of formal service in the justice system. Defendant is correct that service by electronic mail on February 4, 2025 was not valid under Cal. Code Civ. Proc. § 1010.6 because the Defendant had not yet appeared in the action until February 6, 2025. In the state of California, formal service of a complaint by electronic mail is valid only once the recipient has appeared in court for that action. Cal. Code Civ. Proc. § 1010.6. However, the Court in *Murphy* did not require service of every relevant document in the action, but service of either the complaint or summons, so as to place the defendant on notice of an action against them. Here, the Defendant was served with the initial summons and later received the FAC.

*Murphy* — and its four possibilities for when the § 1446(b)(1) period runs — controls only such cases where removability is clear on the face of the initial pleading. Nevertheless, the Supreme Court's guidance is helpful now in answering the question of the instant case, as it confirms that service of the summons is sufficient to place the defendant on notice of a pending action against them, and the subsequent receipt of a complaint may serve as sufficient notice of removability. As the Supreme Court expressed in *Murphy*, in every possibility under § 1446(b)(1), the removal clock begins once there is 1) valid service of either the summons or the complaint; and 2) receipt of the complaint, by service or otherwise. Accordingly, it stands to reason that in § 1446(b)(3) cases as well, service of the summons and receipt of the subsequent paper establishing removability suffices to start the clock.

The majority approach followed by this Court in *Lucente* best meets Congressional intent and the spirit of *Murphy*. The Court held in *Lucente* that the thirty-day period may start when the state court grants leave to amend to state a federal claim. In such cases, this grant of leave serves to place the defendant on notice that the case is removable to federal court. In the instant case, no such motion was filed in state court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00779-DOC-SHK                                      Date: May 28, 2025

Page 9

because California law generally does not require leave of court to amend an initial pleading until the defendant files an "answer, demurrer, or motion to strike." Cal. Code Civ. Proc. § 472. Thus, as in *Lucente*, the Court looks to the date the amended complaint was filed and accepted in the court to determine the date that the defendant was first placed on sufficient notice of removability. In following *Lucente* and the spirit of *Murphy*, the Court holds that Defendant was on sufficient notice to start the thirty-day removal period on receipt of the FAC on February 4, 2025, because it had already been initially served with Summons in January and failed to raise an objection to service therein.

The thirty-day period during which Defendant was required to file Notice of Removal under § 1446(b)(3) lapsed on March 6, 2025. Accordingly, Defendant's Notice of Removal, filed on March 26, 2025, was not timely.

### B. The Amount in Controversy Is Met

The federal law Plaintiff pleads in its fourth cause of action, the Magnuson-Moss Warranty Act, requires an amount in controversy of at least $50,000. 15 U.S.C. § 2310(d)(3)(B).

The total contract price for the Subject Vehicle was $65,733.52; therefore, the minimum amount in controversy of $50,000, as required by the Magnuson-Moss Warranty Act, was met.

### V. Disposition

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Riverside. The hearing set for June 2, 2025, on this Motion is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                      Initials of Deputy Clerk: kdu

CIVIL-GEN